EDWIN GROAT AND WILLIAM S. VAN BROCKLIN, RESPONDENTS, *v.* WENDELL MOAK, APPELLANT.

*Reservation of a right to take water — construction of it — when no one but The People can complain of a nuisance.*

APPEAL from a judgment in favor of the plaintiffs, entered on the report of a referee.

The action was brought to recover damages occasioned by the defendant's wrongfully using water belonging to the plaintiffs.

In 1841 the Phœnix Cotton Manufactory owned a dam and two parcels of land. The dam was erected across the Susquehanna river under a privilege granted by the legislature, to erect a dam "not exceeding in height eight feet from the bottom of the river," by chapter 149 of 1811, chapter 20 of 1835 and chapter 551 of 1864. The plaintiffs claim, under the Phœnix company. On the twelfth day of August in the year 1841, the company conveyed to the defendant's grantor a parcel of land with a grist mill thereon. The deed contained the following recital : "Provided, nevertheless, and everything herein contained is upon the express condition that the party of the first part  *  *  *  expressly reserve to themselves the right at all times to use so much of the water in the river and dam, which now is or may hereafter be therein, or in any dam erected hereafter, as shall be necessary to operate the present or any additional machinery which may be hereafter put in the building now used by them for the manufacture of cotton cloth, or in any building to be erected on the site thereof of the like or less dimensions." The dam was, at the time the water was taken by the defendant, more than eight feet high, and he claimed to be entitled to any water which would have passed over the dam had it been maintained at the legal height.

The court at General Term said : " The first question arises on the construction of this exception, for such I think it is substantially.

" In that construction we must take into consideration the situation of the parties, the state of the country and of the thing granted at the time of the grant, to ascertain the intention of the parties. (*Adams* v. *Frothingham*, 3 Mass., 352 ; *Com.* v. *Roxbury*, 9 Gray, 493.) The intent, of course, when ascertained, will control in this construction. (*Jackson* v. *Myers*, 3 John., 388.) The Phœnix manufactory retained from the operation of its grant the right to use so much water as might be necessary to operate any machinery which could be put into the building. That specification operated as a measure of the quantity of water to be used. (*Wakely* v. *Davidson*, 26 N. Y., 387; *Comstock* v. *Johnson*, 46 N. Y., 615.) It is plain that the power was the principal thing, and that the party of the first part intended to retain the right to use so much of the water which might at any time flow in the river as was needed to produce the power to operate the specified machinery, and the party of the second part got the surplus only. It was not the surplus which might flow over a dam eight feet high, but the surplus after fully supplying the machinery in the cotton mill. We think the referee was right in his conclusion that, as against the defendant, plaintiffs had the right to keep up the dam to any height required to obtain the water necessary to run their machinery.

" Defendant's counsel objects that the height of the dam being limited by statute to eight feet, its maintenance at a greater height is a nuisance, and the court will not lend its aid to a recovery which is based upon the existence of a nuisance.

" We do not think that upon the facts appearing in this record we can say as matter of law that this dam at its present height is a public nuisance, and if it were it does not follow that anyone can complain of it except the people, or some riparian owner who is specially injured by it." (*People* v. *Gutchess*, 48 Barb., 656, 666 ; *Fort Plain Bridge Co.* v. *Smith*, 30 N. Y., 44, 63.)

*Samuel A. Bowen*, for the appellant.

*E. M. Harris*, for the respondents.

Opinion by RUMSEY, J. ; LEARNED, P. J., and OSBORN, J., concurred.

Judgment affirmed, with costs.